**STATE of Iowa, Appellee,**

**v.**

**Elaine LAWSON, Appellant.**

**No. 53458.**

Supreme Court of Iowa.

March 11, 1969.

Alfred G. McSwiggin, Williamsburg, for appellant.

Richard C. Turner, Atty. Gen., David A. Elderkin, Asst. Atty. Gen., and Louis W. Schultz, County Atty., for appellee.

SNELL, Justice.

Defendant, Elaine Lawson, was charged, tried, found guilty by a jury and sentenced for breaking and entering in violation of section 708.8, Code of Iowa. She appealed. We affirm.

The case is before us on the transcript of the evidence, printed record and briefs and arguments. Defendant has been and is represented by counsel. We find no reversible error.

The sufficiency of the evidence to support the verdict is not challenged.

Appellant's only contention on appeal is that "the trial court erred in permitting witness Paul McMurphy to testify as to certain inculpatory statements made to him by the defendant over her objection that he was her common-law husband at the time of such remarks."

Among the several witnesses called by the State was Paul McMurphy, an inmate at the Fort Madison Penitentiary.

Prior to his testimony and after the jury had been excused it was moved that his testimony be barred as to conversations with Elaine Lawson for the reason that he was the common-law husband of the defendant. The court then heard evidence on this matter. Defendant Elaine Lawson testified that she had had sexual relations for over a year with Paul McMurphy; that she never used his name because of threats by his parole officer; that she was divorced from one Joseph Lee Lawson on October 3, 1967, which divorce was paid for by Paul McMurphy. She stated that she never moved in with Paul McMurphy but came down and saw him two or three times a week for 14 months or from about May 1967 until June 1968. She further testified that he gave her a Power of Attorney to transact business for him. She further testified that she considered herself to be the common-law wife of Paul McMurphy; she had visited him when he was at Ft. Madison. She also testified that she married a man by the name of Ewing, July 16, 1968 and also testified that the Power of Attorney given her by Paul McMurphy used the name of Elaine Lawson rather than Elaine McMurphy.

Paul McMurphy testified that he knew Elaine Lawson and that she came to see him once or twice a week and sometimes not that often from July 1967 to June 1968. He testified that she came and went as she desired.

During the period defendant claims she was the common-law wife of McMurphy she was the wife of Joseph Lee Lawson until October 3, 1967 and then married a man named Ewing on July 16, 1968. She doesn't claim that she was ever divorced from McMurphy.

The court ruled that all of the elements of common-law marriage had not been proved and that Paul McMurphy could testify.

■ "Common-law marriages do exist. Concubinage also exists." Hoese v. Hoese, 205 Iowa 313, 314, 217 N.W. 860.

■ Common-law marriages are recognized in Iowa although subject to certain penalties. Section 595.11, Code of Iowa. Such a marriage may be proven by circumstantial evidence. Mere proof of cohabitation is not sufficient. Coleman v. Graves, 255 Iowa 396, 402, 122 N.W.2d 853.

■ The elements necessary to establish a common-law marriage are well established as follows:

"1. Intent and agreement in praesenti as to marriage, on the part of both parties,

together with continuous cohabitation and public declaration that they are husband and wife. 2. The burden of proof is on the one asserting the claim. 3. All elements of relationship as to marriage must be shown to exist. 4. A claim of such marriage is regarded with suspicion and will be closely scrutinized. * * *" In Re Estate of Long, 251 Iowa 1042, 1047, 102 N.W.2d 76, 79; Coleman v. Graves, supra; In Re Estate of Malli, 260 Iowa 252, 149 N.W.2d 155.

The trial court was right.

The case is Affirmed.

All Justices concur.